UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANET FERRER,**<br><br>Plaintiff,<br><br>v.<br><br>**LABCORP,** *et al.***,**<br><br>Defendants. | Docket No.: 14-cv-6578-WJM-MF<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    This is a personal injury case originally filed in state court and removed without objection on the basis of diversity because all the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Before the Court is a motion to dismiss Count Five of the Complaint against co-Defendant Broadspire for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    In Count Five of the Complaint, Plaintiff alleges that she was covered by an automobile insurance contract with Broadspire and seeks personal injury protection ("PIP") benefits under the terms of that automobile insurance contract. Broadspire argues that it cannot be held liable because it is not an insurance carrier. Broadspire asks that the Court take judicial notice of the State of New Jersey Department of Banking & Insurance's list of Licensed Insurance Carriers, which does not list Broadspire as an insurance carrier.

    Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the

1

complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678.

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, there are exceptions to this rule. On a motion to dismiss, the court may consider matters of public record and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

While no one disputes that Broadspire is not on the list of New Jersey's list of licensed insurance carriers, this Court is not prepared to dismiss the otherwise plausible claim against Broadspire without any affidavits or evidence about Broadspire's identity and relationship to this case. For these reasons, the motion to dismiss is hereby denied without prejudice. An appropriate order follows.

/s/ William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 16, 2014**